1  MILES J. FELDMAN (Bar No. 173383)
   mfeldman@raineslaw.com
2  LAITH D. MOSELY (Bar No. 250832)
   lmosely@raineslaw.com
3  **RAINES FELDMAN LLP**
   1800 Avenue of the Stars, 12th Floor
4  Los Angeles, California 90067
   Telephone: +1 310 440 4100
5  Facsimile: +1 310 691 1367

6  DAVID J. LENDER (*pro hac vice*)
   david.lender@weil.com
7  ANISH R. DESAI (*pro hac vice*)
   anish.desai@weil.com
8  **WEIL, GOTSHAL & MANGES LLP**
   767 Fifth Avenue
9  New York, NY 10153
   Telephone: +1 212 310 8000
10 Facsimile: +1 212 310 8007

11 Attorneys for Plaintiff General Electric Co.

12              **UNITED STATES DISTRICT COURT**

13              **CENTRAL DISTRICT OF CALIFORNIA**

14

15

16 General Electric Co.,                    Case No. 2:17-cv-05653-AB-PLA

17            Plaintiff,                     **GE'S ANSWER TO VESTAS-
                                             AMERICAN WIND
18   vs.                                     TECHNOLOGY, INC.'S
                                             COUNTERCLAIMS**
19 Vestas Wind Systems A/S, and Vestas-
   American Wind Technology, Inc.,
20                                           **DEMAND FOR JURY TRIAL**
            Defendants.
21

22

23

24

25

26

27

28

1  Plaintiff General Electric Co. ("GE" or "Plaintiff"), by and through its

2  undersigned counsel, files this Answer to the Counterclaims of Vestas-American

3  Wind Technology, Inc.'s ("Vestas-American") Answer to Plaintiff's First Amended

4  Complaint and Counterclaims (Dk. 39) ("Counterclaims") and states  as follows:

5  **THE PARTIES**

6  1.  GE admits the allegations in paragraph 1 of the Counterclaims.

7  2.  GE admits the allegations in paragraph 2 of the Counterclaims.

8  **JURISDICTION AND VENUE**

9  3.  GE admits the allegations in paragraph 3 of the Counterclaims.

10  4.  GE admits the allegations in paragraph 4 of the Counterclaims.

11  5.  GE admits the allegations in paragraph 5 of the Counterclaims.

12  **BACKGROUND**

13  6.  GE admits the allegations in paragraph 6 of the Counterclaims.

14  7.  GE admits the allegations in paragraph 7 of the Counterclaims.

15  8.  GE admits that in the First Amended Complaint, it has, among other

16  allegations, expressly accused Vestas-American of infringing the '985 and '705.  GE

17  further admits that Vestas-American has denied certain allegations made as part of

18  that accusation.  GE otherwise denies the allegations of paragraph 8 of the

19  Counterclaims.

20  9.  GE admits that an actual and justiciable controversy exists between

21  Vestas-American and GE with regard to the infringement of the '985 and '705 patents,

22  and otherwise denies the allegations in paragraph 9 of the Counterclaims.

23  10.  GE admits that a judicial declaration and determination is necessary and

24  appropriate at this time with regard to the infringement of the '985 and '705 patents.

25  GE otherwise denies the allegations in paragraph 10 of the Counterclaims.

26  **FIRST COUNTERCLAIM**

27  **(Declaratory Judgment of Non-Infringement of the '985 Patent)**

28  11.  GE repeats and re-alleges its responses to the allegations in paragraphs 1-

GE's Answer to Vestas-American's Counterclaims
Case No. 2:17-cv-05653-AB-PLA

1  11 of this Answer to the Counterclaims as if fully set forth herein.

2      12.    GE admits the allegations in paragraph 12 of the Counterclaims.

3      13.    GE admits the allegations in paragraph 13 of the Counterclaims.

4      14.    GE admits that a judicial declaration and determination is necessary and

5  appropriate at this time with regard to the infringement of the '985 patent. GE

6  otherwise denies the allegations in paragraph 14 of the Counterclaims.

7      15.    GE admits that Vestas-American seeks a judicial declaration and

8  determination that Vestas-American does not infringe the '985 patent, either directly

9  or indirectly, literally or under the doctrine of equivalents. GE denies that Vestas-

10 American does not infringe the '985 patent, either directly or indirectly, literally or

11 under the doctrine of equivalents, and denies that Vestas-American is not liable for the

12 alleged infringement of the '985 patent. GE otherwise denies the allegations in

13 paragraph 15 of the Counterclaims.

14 **SECOND COUNTERCLAIM**

15 **(Declaratory Judgment of Invalidity of the '985 Patent)**

16     16.    GE repeats and re-alleges its responses to the allegations in paragraphs 1-

17 15 of this Answer to the Counterclaims as if fully set forth herein. GE denies that the

18 '985 patent is invalid over any alleged prior art cited, discussed, and/or otherwise

19 referenced in Vestas-American's Answer and Counterclaims, and further denies any

20 factual allegations that fairly serve as the basis for this Counterclaim seeking a

21 declaratory judgement of invalidity of the '985 patent. Despite Vestas-American's

22 improper use of incorporation by reference, GE makes this good-faith attempt to

23 answer the factual allegations contained in Vestas-American's Thirteenth Affirmative

24 Defense.

25     i.    GE denies the allegations in paragraph 207 of the Answer.

26     ii.    GE denies the allegations in paragraph 208 of the Answer.

27     iii.    Regarding paragraph 209 of the Answer, GE admits that the '985

28         patent is directed to Low Voltage Ride Through (LVRT), and

admits that that the '985 patent discloses techniques to allow a wind turbine generator to remain connected to the power grid during low voltage events and to maintain functioning of the blade pitch system in spite of lack of voltage at the generator terminals during such events. GE otherwise denies the allegations in paragraph 209 of the Answer.

iv.   Regarding paragraph 210 of the Answer, Vestas-American's allegations lack sufficient clarity and detail for GE to ascertain the truth of the matter alleged. GE currently lacks knowledge or information to form a belief about the truth of these allegations, and therefore denies the allegations in paragraph 210 of the Answer.

v.   Regarding paragraph 211 of the Answer, GE admits that the '985 patent has been subject to an *inter partes* reexamination during which the claims were amended. Vestas-American's allegations otherwise lack sufficient clarity and detail for GE to ascertain the truth of the matter alleged. GE currently lacks knowledge or information to form a belief about the truth of these allegations, and therefore denies the allegations in paragraph 211 of the Answer.

vi.   GE denies the allegations in paragraph 212 of the Answer.

vii.   Regarding paragraph 213 of the Answer, GE admits that the E.ON 2001 Document, U.S. Patent No. 5,907,192 to Lyons, and the MOD-5A Report were at issue during an *inter partes* reexamination of the '985 patent. GE otherwise denies the allegations in paragraph 213 of the Answer.

viii.   Regarding paragraph 214 of the Answer, GE admits that the document titled *Network Connection Rules for Wind Energy*

*Systems, Additional Network and Organizational Rules for Network Connection of Wind Energy Systems within the Regulation Zone of E.ON Netz GmbH* ("E.ON 2001 Document") is dated December 1, 2001. GE currently lacks knowledge or information to form a belief about the truth of the remainder of the allegations in paragraph 214, and therefore denies the remaining allegations in paragraph 214 of the Answer.

ix.   Regarding paragraph 215 of the Answer, GE admits that the E.ON 2001 Document states as follows on Page 7: "If the amount of the voltage at the network connection node according to Fig. 4a lies above the progression shown in case of problems in the network, no automatic separation from the network is allowed to take place." GE currently lacks knowledge or information to form a belief about the truth of the remainder of the allegations in paragraph 215, and therefore denies the remaining allegations in paragraph 215 of the Answer.

x.   Regarding paragraph 216 of the Answer, GE admits that U.S. Patent No. 5,907,192 issued on May 25, 1999, lists James Patrick Lyons, Albert Andreas Maria Esser, and Paul Scott as co-inventors, and is assigned to GE. GE currently lacks knowledge or information to form a belief about the truth of the remainder of the allegations in paragraph 216, and therefore denies the remaining allegations in paragraph 216 of the Answer.

xi.   Regarding paragraph 217 of the Answer, GE admits that the figure depicted is Figure 1 of Lyons '192, which, as described by Lyons '192 "depicts one embodiment of the invention including a ride-through capacitor added to the emergency power bus." GE currently lacks knowledge or information to form a belief about the

1    truth of the remainder of the allegations in paragraph 217, and
2    therefore denies the remaining allegations in paragraph 217 of the
3    Answer.

4    xii.    Regarding paragraph 218 of the Answer, GE admits that, as part of
5            an office action during the *inter partes* reexamination of the '985
6            patent original claim 1 was rejected as obvious in light of the
7            combination of Lyons '192 and MOD-5A Report, and that original
8            claim 1 was rejected as anticipated by Lyons '192. GE further
9            admits that quoted material in paragraph 218 of the Answer was
10           included in this office action.  GE is otherwise without knowledge
11           or information to form a belief about the truth of the remainder of
12           the allegations in paragraph 218, and therefore denies the
13           remaining allegations in paragraph 218 of the Answer.

14   xiii.   Regarding paragraph 219 of the Answer, GE admits that claims 1
15           and 6 of the '985 patent were amended during the *inter partes*
16           reexamination.  GE further admits that claims 1 and 6 ultimately
17           issued. GE otherwise denies the allegations in paragraph 219 of the
18           Answer.

19   xiv.    Regarding paragraph 220 of the Answer, GE admits that the MOD-
20           5A Wind Turbine Generator Program Design Report, Vols. 1-4,
21           August 1984 ("MOD-5A Report") was prepared by the Advanced
22           Energy Programs Department at GE for the U.S. Department of
23           Energy's Division of Wind Energy Technology. GE admits that the
24           examiner in the *inter partes* reexamination issued an office action
25           on December 21, 2010 rejecting certain claims of the '985 patent
26           as obvious in view of the MOD-5A Report.  GE otherwise denies
27           the allegations in paragraph 220 of the Answer.

28   xv.     Regarding paragraph 221 of the Answer, GE admits that, as part of

GE's Answer to Vestas-American's Counterclaims
Case No. 2:17-cv-05653-AB-PLA

an office action during the *inter partes* reexamination of the '985 patent, original claim 1 was rejected as obvious in light of the combination of Lyons '192 and MOD-5A Report. GE otherwise denies the allegations in paragraph 221 of the Answer.

xvi.   Regarding paragraph 222 of the Answer, GE admits that claims 1 and 6 of the '985 patent were amended during the *inter partes* reexamination.  GE further admits that claims 1 and 6 ultimately issued. GE otherwise denies the allegations in paragraph 222 of the Answer.

xvii.   GE denies the allegations in paragraph 223 of the Answer.

xviii.   Regarding paragraph 224 of the Answer, GE admits that the E.ON 2001 Document was the subject of testimony and discussion in *Gen.Elec. Co. v. Wilkins*, No. 1:10-cv-00674.  GE currently lacks knowledge or information to form a belief about the truth of the remaining allegations of paragraph 224, and therefore denies the allegations in paragraph 224 of the Answer.

xix.   Regarding paragraph 225 of the Answer, GE admits that James Lyons was included in email chains that also included the named inventors.  Vestas-American's remaining allegations lack sufficient clarity and detail for GE to ascertain the truth of the matter alleged. GE currently lacks knowledge or information to form a belief about the truth of these remaining allegations, and therefore denies the remaining allegations in paragraph 225 of the Answer.

xx.   GE denies the allegations in paragraph 226 of the Answer.

xxi.   GE denies the allegations in paragraph 227 of the Answer.

xxii.   GE denies the allegations in paragraph 228 of the Answer.

xxiii.   GE denies the allegations in paragraph 229 of the Answer.

17.   GE admits the allegations in paragraph 17 of the Counterclaims.

18.   GE denies the allegations in paragraph 18 of the Counterclaims.

19.   GE denies the allegations in paragraph 19 of the Counterclaims.

20.   GE admits that Vestas-American seeks a judicial declaration and determination that at least claims 1, 3, 6, 7, and 12 of the '985 patent are invalid for allegedly failing to satisfy one or more conditions for patentability, including those set forth in 35 U.S.C. §§ 101, 102, 103, and 112. GE denies that any claim of the '985 patent is invalid.

21.   GE denies the allegation in paragraph 21 of the Counterclaims.

### THIRD COUNTERCLAIM

### (Inequitable Conduct in Connection with the '985 Patent)

22.   GE repeats and re-alleges its responses to the allegations in paragraphs 1-21 of this Answer to the Counterclaims as if fully set forth herein. GE objects to Vestas-American's incorporation by reference of its entire Answer, which includes statements and factual allegations completely unrelated to any inequitable conduct allegation. GE denies that the '985 patent is unenforceable due to inequitable conduct, and further denies any factual allegations that fairly serve as the basis for this Counterclaim. Despite Vestas-American's improper use of incorporation by reference, GE makes this good-faith attempt to answer the factual allegations contained in Vestas-American's Thirteenth Affirmative Defense, because the Thirteenth Affirmative Defense alleges that the '985 patent is unenforceable due to inequitable conduct. As to the factual allegations in the Thirteenth Affirmative Defense, GE repeats and re-alleges its responses in paragraph 16 of this Answer to the Counterclaims, including sub-paragraphs i. through xxiii. Regarding Vestas-American's Twelfth Affirmative Defense, GE incorporates its responses in paragraph 32 of this Answer to the Counterclaims, including sub-paragraphs i. through cxxvii. To the extent a response is determined to be required to any remaining factual allegations of the Answer, GE denies those allegations.

23.   GE admits the allegations in paragraph 23 of the Counterclaims.

1    24.   GE denies the allegations in paragraph 24 of the Counterclaims.

2    25.   GE denies the allegations in paragraph 25 of the Counterclaims.

3    26.   GE admits that Vestas-American seeks a judicial declaration and

4  determination that '985 patent is unenforceable because it was allegedly obtained

5  through inequitable conduct. GE denies that the '985 patent is unenforceable and

6  denies that the '985 patent was obtained through inequitable conduct.

7                              **FOURTH COUNTERCLAIM**

8              **(Declaratory Judgment of Non-Infringement of the '705 Patent)**

9    27.   GE repeats and re-alleges its responses to the allegations in paragraphs 1-

10  26 of this Answer to the Counterclaims as if fully set forth herein. Because Vestas-

11  American incorporates by reference "the allegations of the preceding paragraphs of its

12  Counterclaims," Vestas-American incorporates by reference paragraph 22 of its

13  Counterclaims. Paragraph 22 of the Counterclaims "incorporates by reference the

14  allegations of the preceding paragraphs of its Counterclaims, as well as the paragraphs

15  of its Answer, as if fully set forth herein." Therefore Vestas-American's Fourth

16  Counterclaim incorporates the entirety of its Answer by reference. GE objects to

17  Vestas-American's incorporation by reference of its entire Answer, which includes

18  statements and factual allegations completely unrelated to any non-infringement

19  allegation. As to the factual allegations in the Thirteenth Affirmative Defense, GE

20  repeats and re-alleges its responses in paragraph 16 of this Answer to the

21  Counterclaims, including sub-paragraphs i. through xxiii. Regarding Vestas-

22  American's Twelfth Affirmative Defense, GE incorporates its responses in paragraph

23  32 of this Answer to the Counterclaims, including sub-paragraphs i. through cxxvii.

24  To the extent a response is determined to be required to any remaining factual

25  allegations of the Answer, GE denies those allegations.

26    28.   GE admits the allegations in paragraph 28 of the Counterclaims.

27    29.   GE admits the allegations in paragraph 29 of the Counterclaims.

28    30.   GE admits that a judicial declaration and determination is necessary and

appropriate at this time with regard to the infringement of the '705 patent. GE otherwise denies the allegations in paragraph 30 of the Counterclaims.

31.    GE admits that Vestas-American seeks a judicial declaration and determination that Vestas-American does not infringe the '705 patent, either directly or indirectly, literally or under the doctrine of equivalents. GE denies that Vestas-American does not infringe the '705 patent, either directly or indirectly, literally or under the doctrine of equivalents, and denies that Vestas-American is not liable for the alleged infringement of the '705 patent. GE otherwise denies the allegations in paragraph 31 of the Counterclaims.

## FIFTH COUNTERCLAIM

### (Declaratory Judgment of Invalidity of the '705 Patent)

32.    GE repeats and re-alleges its responses to the allegations in paragraphs 1-31 of this Answer to the Counterclaims as if fully set forth herein. Because Vestas-American incorporates by reference both the Twelfth Affirmative Defense in its Answer and "the allegations of the preceding paragraphs of its Counterclaims," Vestas-American incorporates by reference paragraph 22 of its Counterclaims. Paragraph 22 of the Counterclaims "incorporates by reference the allegations of the preceding paragraphs of its Counterclaims, as well as the paragraphs of its Answer, as if fully set forth herein." Therefore Vestas-American's Fifth Counterclaim incorporates the entirety of its Answer by reference. GE objects to Vestas-American's incorporation by reference of both the Twelfth Affirmative Defense, which asserts that the '705 patent is unenforceable due to inequitable conduct, and its entire Answer, which includes statements and factual allegations completely unrelated to an invalidity claim. GE denies that the '705 patent is invalid over any alleged prior art reference cited, discussed, and/or otherwise referenced in Vestas-American's Answer and Counterclaims, and further denies any factual allegations that fairly serve as the basis for this Counterclaim seeking a declaratory judgment of invalidity of the '705 patent. Despite Vestas-American's improper use of incorporation by reference, GE makes

this good-faith attempt to answer the allegations contained in Vestas-American's Twelfth Affirmative Defense. As to the factual allegations in the Thirteenth Affirmative Defense, GE repeats and re-alleges its responses in paragraph 16 of this Answer to the Counterclaims, including sub-paragraphs i. through xxiii. To the extent a response is determined to be required to any remaining factual allegations of the Answer, GE denies those allegations.

      i.    GE denies the allegations of paragraph 79 of the Answer.

      ii.    GE denies the allegations in paragraph 80 of the Answer.

      iii.    Regarding paragraph 81 of the Answer, GE admits that it filed the application that ultimately issued as the '705 patent on October 20, 2006. GE admits that the '705 patent is directed to zero voltage ride through technology.  GE otherwise denies the allegations in paragraph 81 of the Answer.

      iv.    GE denies the allegations in paragraph 82 of the Answer.

      v.    GE denies the allegations in paragraph 83 of the Answer.

      vi.    Regarding paragraph 84 of the Answer, Vestas-American's allegations lack sufficient clarity and detail for GE to ascertain the truth of the matter alleged. GE currently lacks knowledge or information to form a belief about the truth of these allegations, and therefore denies the allegations in paragraph 84 of the Answer.

      vii.    GE admits that the Court in the *Gen. Elec. Co. v. Mitsubishi Heavy Industries, Ltd.*, 3:10-cv-00276 (N.D. Tex.) found that the '705 patent was not unenforceable due to inequitable conduct.   GE otherwise denies the allegations in paragraph 85 of the Answer.

      viii.    Regarding paragraph 86 of the Answer, GE admits that the '705 patent discloses LVRT and ZVRT technology.   GE otherwise denies the allegations in paragraph 86 of the Answer.

      ix.    Regarding paragraph 87 of the Answer, GE admits that during the

original prosecution of the '705 patent, the examiner rejected some of the original independent claims of the '705 patent application. GE further admits that, during the original prosecution, the Examiner allowed the claims of the '705 patent application after amendment. GE otherwise denies the allegations in paragraph 87 of the Answer.

x.     GE denies the allegations in paragraph 88 of the Answer.

xi.    Regarding paragraph 89 of the Answer, Vestas-American's allegations lack sufficient clarity and detail for GE to ascertain the truth of the matter alleged. GE currently lacks knowledge or information to form a belief about the truth of these allegations, and therefore denies the allegations in paragraph 89 of the Answer.

xii.   Regarding paragraph 90 of the Answer, GE admits that a document titled "Vestas Handles Grid Requirements: Advanced Control Strategy for Wind Turbines" identifies Sigrid Bolik as an author. GE otherwise denies the allegations in paragraph 90 of the Answer.

xiii.  GE currently lacks knowledge or information to form a belief about the truth of these allegations, and therefore denies the allegations in paragraph 91 of the Answer.

xiv.   GE denies the allegations in paragraph 92 of the Answer.

xv.    GE denies the allegations in paragraph 93 of the Answer.

xvi.   GE denies the allegations of paragraph 94 of the Answer.

xvii.  GE denies the allegations of paragraph 95 of the Answer.

xviii. GE denies the allegations of paragraph 96 of the Answer.

xix.   GE denies the allegations of paragraph 97 of the Answer.

xx.    GE denies the allegations of paragraph 98 of the Answer.

xxi.   Regarding paragraph 99 of the Answer, GE admits that WO

1   2004/070936 ("Nielsen '936") was filed on February 7, 2003. GE

2   admits that Nielsen '936 states as follows: "During grid faults, the

3   stator windings of the wind turbine generator are disconnected

4   from the power grid and impedances for dissipating at least part of

5   the power generated by the wind turbine during grid fault condition

6   are connected to the stator windings. In this way, a certain

7   magnetisation of the generator can be maintained and after

8   removal of the grid fault condition, the generator is synchronised

9   to the power grid and the impedances are disconnected and the

10  stator windings are reconnected to the power grid. In this way, it is

11  possible to keep the wind turbine generator at least partly

12  magnetised during grid faults and thus ready for delivering power

13  to the power grid, as soon as the grid voltage is re-established after

14  the fault." GE otherwise denies the allegations in paragraph 99 of

15  the Answer.

16  xxii.   GE denies the allegations of paragraph 100 of the Answer.

17  xxiii.  GE denies the allegations of paragraph 101 of the Answer.

18  xxiv.   Regarding paragraph 102 of the Answer, Vestas-American's

19          allegations lack sufficient clarity and detail for GE to ascertain the

20          truth of the matter alleged. GE currently lacks knowledge or

21          information to form a belief about the truth of these allegations,

22          and therefore denies the allegations in paragraph 102 of the

23          Answer.

24  xxv.    Regarding paragraph 103 of the Answer, GE admits that WO

25          2005/031941 ("Wobben '941") was filed on September 22, 2004,

26          and identifies September 23, 2003 as a priority filing date. GE

27          admits that Stefan Hartge is identified as an author of the

28          document titled "Ride-Through Capability of ENERCON-Wind

Turbines" ("Hartge"). GE admits that Dr. W. Mack Grady previously testified as follows regarding Wobben '941 and Hartge: "Well, it's essentially the same thing, Your Honor. What they have done is taken the patent and converted it into a conference paper. Every figure is the same." GE otherwise denies the allegations in paragraph 103 of the Answer.

xxvi.   GE denies the allegations of paragraph 104 of the Answer.

xxvii.  GE denies the allegations of paragraph 105 of the Answer.

xxviii. GE denies the allegations of paragraph 106 of the Answer.

xxix.   GE denies the allegations of paragraph 107 of the Answer.

xxx.    Regarding paragraph 108 of the Answer, GE admits that it sold wind turbines to wind farms at Colorado Green, Sweetwater I, and Cowboy Wind. Vestas-American's allegations lack sufficient clarity and detail for GE to ascertain the truth of the matter alleged. GE currently lacks knowledge or information to form a belief about the truth of these allegations, and therefore denies the allegations in paragraph 108 of the Answer.

xxxi.   GE denies the allegations of paragraph 109 of the Answer.

xxxii.  Regarding paragraph 110 of the Answer, Vestas-American's allegations lack sufficient clarity and detail for GE to ascertain the truth of the matter alleged. GE currently lacks knowledge or information to form a belief about the truth of these allegations, and therefore denies the allegations in paragraph 110 of the Answer.

xxxiii. Regarding paragraph 111 of the Answer, Vestas-American's allegations lack sufficient clarity and detail for GE to ascertain the truth of the matter alleged. GE currently lacks knowledge or information to form a belief about the truth of these allegations,

1    and therefore denies the allegations in paragraph 111 of the

2    Answer.

3    xxxiv.  Regarding paragraph 112 of the Answer, GE admits that U.S.

4    Patent Application No. 10/981,364 was filed on November 3, 2004

5    and published as U.S. Patent Pub. No. 2005/0122083 ("Erdman

6    '083").  GE further admits that Erdman '083 is titled "Generator

7    with Utility Fault Ride-Through Technology."  GE otherwise

8    denies the allegations in paragraph 112 of the Answer.

9    xxxv.  GE admits that Erdman '083 states as follows: "Frequency and

10   phase can be detected even if the voltage on the line is significantly

11   reduced.  In fact, even if voltage is zero at a fault point at a distant

12   location on the utility collection, distribution, sub-transmission, or

13   transmission system, impedance between the generator and the

14   fault will still create a voltage waveform as long as current is

15   supplied."  GE otherwise denies the allegations of paragraph 113

16   of the Answer.

17   xxxvi.  GE denies the allegations of paragraph 114 of the Answer.

18   xxxvii.  GE denies the allegations of paragraph 115 of the Answer.

19   xxxviii.  Regarding paragraph 116 of the Answer, Vestas-American's

20   allegations lack sufficient clarity and detail for GE to ascertain the

21   truth of the matter alleged. GE currently lacks knowledge or

22   information to form a belief about the truth of these allegations,

23   and therefore denies the allegations in paragraph 116 of the

24   Answer.

25   xxxix.  GE admits that the Federal Energy Regulatory Commission issued

26   Order No. 661-A on December 12, 2005.  GE otherwise denies

27   allegations in paragraph 117 of the Answer.

28   xl.  Regarding paragraph 118 of the Answer, Vestas-American's

1   allegations lack sufficient clarity and detail for GE to ascertain the
2   truth of the matter alleged. GE currently lacks knowledge or
3   information to form a belief about the truth of these allegations,
4   and therefore denies the allegations in paragraph 118 of the
5   Answer.

6   xli.   GE denies the allegations in paragraph 119 of the Answer.

7   xlii.   GE denies the allegations in paragraph 120 of the Answer.

8   xliii.   Regarding paragraph 121 of the Answer, GE admits that MHI filed
9   a request for *inter partes* reexamination (Control No. 95/000,633)
10   ("the '633 reexam") of claims 1-9, 13, and 14 of the '705 patent on
11   May 24, 2011. GE admits that the '633 reexam request was
12   granted, and that a Non-Final Action issued rejecting certain
13   claims of the '705 patent as anticipated and obvious over the prior
14   art. GE otherwise denies the allegations in paragraph 121 of the
15   Answer.

16   xliv.   Regarding paragraph 122 of the Answer, GE admits that during the
17   '633 reexam a non-final Action Closing Prosecution ("ACP")
18   issued on September 25, 2012 and GE submitted a response to the
19   ACP on November 26, 2012.  GE further admits that an *ex parte*
20   meeting took place between GE and the examiner on December
21   20, 2012 with respect to an *ex parte* reexamination that was filed
22   by MHI (Control No. 90/012,587). GE admits that a Right of
23   Appeal Notice issued on May 7, 2013 in the '633 reexam. GE
24   admits that the '633 reexam as to claims 1-6 was terminated
25   pursuant to pre-AIA 35 U.S.C. § 317(b).  GE otherwise denies the
26   allegations in paragraph 122 of the Answer.

27   xlv.   Regarding paragraph 123 of the Answer, GE admits that MHI filed
28   a request for *ex parte* reexamination of claim 1 of the '705 patent

on September 14, 2012 (Control No. 90/012,587) ("the '587 reexam"), citing only Nielsen '936.  GE admits that the '587 reexam request was granted on October 26, 2012, and that a Non-Final Action issued on December 18, 2012 finding claim 1 anticipated by Nielsen '936. GE admits that an *ex parte* meeting took place between GE and the examiner, and that a Notice of Intent to Issue a Reexam Certificate finding claim 1 patentable over Nielsen '936 issued on June 21, 2013.  GE otherwise denies the allegations in paragraph 123 of the Answer.

xlvi.   GE denies the allegations in paragraph 124 of the answer.

xlvii.   GE denies the allegations in paragraph 125 of the Answer.

xlviii.   GE admits that the '633 reexam was terminated with respect to claims 1-6 pursuant to pre-AIA 35 U.S.C. § 317(b). GE otherwise denies the allegations in paragraph 126 of the Answer.

xlix.   GE denies the allegations in paragraph 127 of the Answer.

l.   Regarding paragraph 128 of the Answer, Vestas-American's allegations lack sufficient clarity and detail for GE to ascertain the truth of the matter alleged. GE currently lacks knowledge or information to form a belief about the truth of these allegations, and therefore denies the allegations in paragraph 128 of the Answer.

li.   Regarding paragraph 129 of the Answer, Vestas-American's allegations lack sufficient clarity and detail for GE to ascertain the truth of the matter alleged. GE currently lacks knowledge or information to form a belief about the truth of these allegations, and therefore denies the allegations in paragraph 129 of the Answer.

lii.   Regarding paragraph 130 of the Answer, Vestas-American's

allegations lack sufficient clarity and detail for GE to ascertain the truth of the matter alleged. GE currently lacks knowledge or information to form a belief about the truth of these allegations, and therefore denies the allegations in paragraph 130 of the Answer.

liii.   Regarding paragraph 131 of the Answer, GE admits that James McGinness owed a duty of candor to the PTO during the prosecution of the '705 patent and that Mr. McGinness is named on the '705 patent as a prosecuting attorney.  GE further admits that Mr. McGinness testified at the MHI inequitable conduct trial and portions of that testimony are excerpted in paragraph 131 of the Answer.  GE otherwise denies the allegations in paragraph 131 of the Answer.

liv.   Regarding paragraph 132 of the Answer, Vestas-American's allegations lack sufficient clarity and detail for GE to ascertain the truth of the matter alleged. GE currently lacks knowledge or information to form a belief about the truth of these allegations, and therefore denies the allegations in paragraph 132 of the Answer.

lv.   Regarding paragraph 133 of the Answer, GE admits that on May 8, 2006, Mr. McGinness sent an email that included, *inter alia*, an excel spreadsheet and Erdman '083 as attachments. GE further admits that Mr. McGinness received an email on April 21, 2009 that included U.S. 7,339,355 as an attachment. GE otherwise denies the allegations in paragraph 133 of the Answer.

lvi.   GE denies the allegations in paragraph 134 of the Answer.

lvii.   GE admits that in 2006, Mr. McGinness received a document listing Vestas patents and patent publications that included Nielsen

GE's Answer to Vestas-American's Counterclaims
Case No. 2:17-cv-05653-AB-PLA

'936 among the list.  GE further admits that in January 2007, Mr. McGinness sent an email attaching a list of Vestas patents and published applications that included Nielsen '936 among the list. GE otherwise denies the allegations in paragraph 135 of the Answer.

lviii.  Regarding paragraph 136 of the Answer, GE admits that McGinness testified that "[t]o the extent that I was aware of [Nielsen '936], I would disclose it."  GE otherwise denies the allegations in paragraph 136 of the Answer.

lix.  Regarding paragraph 137 of the Answer, GE admits that GE and Enercon negotiated a cross license.  GE admits that the Court in the MHI litigation, in its May 28, 2013 decision, cited certain documents containing lists of patents and patent publications that included Wobben '941 within the lists.  GE otherwise denies the allegations in paragraph 137 of the Answer.

lx.  GE denies the allegations in paragraph 138 of the Answer.

lxi.  Regarding paragraph 139 of the Answer, Vestas-American's allegations lack sufficient clarity and detail for GE to ascertain the truth of the matter alleged. GE currently lacks knowledge or information to form a belief about the truth of the remainder of these allegations, and therefore denies the allegations in paragraph 139 of the Answer.

lxii.  GE denies the allegations in paragraph 140 of the Answer.

lxiii.  GE denies the allegations in paragraph 141 of the Answer.

lxiv.  GE denies the allegations in paragraph 142 of the Answer.

lxv.  GE admits that Mr. McGinness was aware of the Bolik and Saylors references while the '633 reexam was pending.  GE otherwise denies the allegations in paragraph 143 of the Answer.

lxvi.  Regarding paragraph 144 of the Answer, GE admits that Nicholas Miller was involved in the preparation of the '705 patent application and that Mr. Miller testified that he may have reviewed the invention disclosure form related to the '705 patent application. GE otherwise denies the remaining allegations in paragraph 144 of the Answer.

lxvii.  Regarding paragraph 145 of the Answer, Vestas-American's allegations lack sufficient clarity and detail for GE to ascertain the truth of the matter alleged. GE currently lacks knowledge or information to form a belief about the truth of the remainder of these allegations, and therefore denies the allegations in paragraph 145 of the Answer.

lxviii.  Regarding paragraph 146 of the Answer, GE admits that Mr. Miller emailed a copy of the Saylors Presentation on October 20, 2003. GE admits that Steve Saylors emailed a copy of the Bolik Paper and Bolik Presentation to Mr. Miller on January 22, 2004. GE admits Mr. Miller emailed a copy of the Bolik Paper and Bolik Presentation to individuals at GE, including Robert Delmerico and James Lyons, on January 23, 2004. GE admits that the January 23, 2004 email from Mr. Miller includes the following statement: "Good survey of Vestas' take on grid codes, and their claimed performance on LVRT." GE currently lacks knowledge or information to form a belief about the truth of the remaining allegations, and therefore denies the remaining allegations in paragraph 146 of the Answer.

lxix.  GE denies the allegations in paragraph 147 of the Answer.

lxx.  Regarding paragraph 148 of the Answer, GE admits that Mr. Miller received an email from Kevin Mankouski on October 20,

GE's Answer to Vestas-American's Counterclaims
Case No. 2:17-cv-05653-AB-PLA

2003.  GE admits that on October 20, 2003, Mr. Miller emailed a copy of the Saylors Presentation to individuals at GE, including Einar Larsen, James Lyons and Robert Delmerico.  GE admits that the October 20, 2003 email from Mr. Miller includes the following statement:  "In case you haven't seen it: Vestas LVRT offering for 60 Hz US market. 0% for 600 ms on the v47 – Hawaii project. Are we still in the game there? looks like 0% for 200ms on V80."  GE currently lacks knowledge or information to form a belief about the truth of the remaining allegations, and therefore denies the remaining allegations in paragraph 148 of the Answer.

lxxi.   GE denies the allegations in paragraph 149 of the Answer.

lxxii.   Regarding paragraph 150 of the Answer, GE admits that Mr. Miller was present on the same panel as Stefan Hartge and Sigrid Bolik at the Fourth International Workshop on Large-Scale Integration of Wind Power and Transmission Networks for Offshore Wind Frames in October 2003.  GE admits that Mr. Miller testified that he was present for Mr. Hartge's presentation but that he did remember Mr. Hartge's presentation.  GE denies the remaining allegations in paragraph 150 of the Answer.

lxxiii.   GE denies the allegations in paragraph 151 of the Answer.

lxxiv.   Regarding paragraph 152 of the Answer, GE admits that Mr. Miller received copy of Nielsen '936 and discussed the claims of the Nielsen '936 in email correspondence in September 2004.  GE denies the remaining allegations in paragraph 152 of the Answer.

lxxv.   GE denies the allegations in paragraph 153 of the Answer.

lxxvi.   Regarding paragraph 154 of the Answer, GE admits that Mr. Miller is a named co-inventor of U.S. 7,504,738, which lists Erdman '083 among the "References Cited" on the cover page.

GE's Answer to Vestas-American's Counterclaims
Case No. 2:17-cv-05653-AB-PLA

1              GE denies the remaining allegations in paragraph 154 of the

2              Answer.

3      lxxvii.    GE denies the allegations in paragraph 155 of the Answer.

4      lxxviii.   Regarding paragraph 156 of the Answer, GE admits that Mr.

5              Miller is a co-author of a paper titled "Modelling and Simulation

6              of Wind Turbine Generators in Large Offshore Applications."  GE

7              denies the remaining allegations in paragraph 156 of the Answer.

8      lxxix.    GE denies the allegations in paragraph 157 of the Answer.

9      lxxx.    Regarding paragraph 158 of the Answer, Vestas-American's

10            allegations lack sufficient clarity and detail for GE to ascertain the

11            truth of the matter alleged. GE currently lacks knowledge or

12            information to form a belief about the truth of these allegations,

13            and therefore denies the allegations in paragraph 158 of the

14            Answer.

15     lxxxi.    Regarding paragraph 159 of the Answer, GE admits that Einar

16            Larsen is a named co-inventor on the '705 patent. Vestas-

17            American's remaining allegations lack sufficient clarity and detail

18            for GE to ascertain the truth of the matter alleged, and on that

19            basis, GE denies the remaining allegations in paragraph 159 of the

20            Answer.

21     lxxxii.   Regarding paragraph 160 of the Answer, GE admits that Mr.

22            Larsen received an email on October 20, 2003 attaching the

23            Saylors Presentation.  GE denies the remaining allegations in

24            paragraph 160 of the Answer.

25    lxxxiii.   GE denies the allegations in paragraph 161 of the Answer.

26    lxxxiv.   Regarding paragraph 162 of the Answer, GE admits that Mr.

27            Larsen was involved in experimental converter tests in June 2003

28            in Salem, Virginia.  Vestas-American's remaining allegations lack

1    sufficient clarity and detail for GE to ascertain the truth of the
2    matter alleged, and on that basis, GE denies the remaining
3    allegations in paragraph 162 of the Answer.

4    lxxxv.    GE denies the allegations in paragraph 163 of the Answer.

5    lxxxvi.   Regarding paragraph 164 of the Answer, Vestas-American's
6              allegations lack sufficient clarity and detail for GE to ascertain the
7              truth of the matter alleged, and on that basis GE denies the
8              allegations in paragraph 164 of the Answer.

9    lxxxvii.  Regarding paragraph 165 of the Answer, GE admits that Scott
10             Frame was involved in the preparation of the '705 patent
11             application, and coordinated communications between the
12             inventors and the attorneys preparing the application.   GE
13             otherwise denies the remaining allegations in paragraph 165 of the
14             Answer.

15   lxxxviii. Regarding paragraph 166 of the Answer, GE admits that Mr.
16             Frame testified that in 2004 he "led [the] ZVRT project through
17             initial project phases including project planning, requirements
18             decision and preliminary analysis." Vestas-American's remaining
19             allegations lack sufficient clarity and detail for GE to ascertain the
20             truth of the matter alleged. GE currently lacks knowledge or
21             information to form a belief about the truth of these remaining
22             allegations, and therefore denies the remaining allegations in
23             paragraph 166 of the Answer.

24   lxxxix.   Regarding paragraph 167 of the Answer, GE admits that Scott
25             Frame was aware of the sale and commissioning of GE wind
26             turbines at Colorado Green, Cowboy Wind, and Sweetwater I.  GE
27             denies the remaining allegations in paragraph 167 of the Answer.

28   xc.       GE denies the allegations in paragraph 168 of the Answer.

xci.  Regarding paragraph 169 of the Answer, GE admits that Mr. Frame was copied in an email chain dated September 2, 2004 in which the claims of the Nielsen '936 were discussed.  GE admits that Mr. Frame was copied on an email on February 20, 2008 discussing the issuance of U.S. Patent No. 7,332,827. GE denies the remaining allegations in paragraph 169 of the Answer.

xcii.  GE denies the allegations in paragraph 170 of the Answer.

xciii.  GE denies the allegations in paragraph 171 of the Answer.

xciv.  GE denies the allegations in paragraph 172 of the Answer.

xcv.  Regarding paragraph 173 of the Answer, Vestas-American's allegations lack sufficient clarity and detail for GE to ascertain the truth of the matter alleged. GE currently lacks knowledge or information to form a belief about the truth of these allegations, and therefore denies the allegations in paragraph 173 of the Answer.

xcvi.  GE denies the allegations in paragraph 174 of the Answer.

xcvii.  Regarding paragraph 175 of the Answer, GE admits that on January 23, 2004, Robert Delmerico was copied on an email that included the Bolik Paper and Bolik Presentation as attachments. Vestas-American's remaining allegations lack sufficient clarity and detail for GE to ascertain the truth of the matter alleged. GE currently lacks knowledge or information to form a belief about the truth of these remaining allegations, and therefore denies the remaining allegations in paragraph 175 of the Answer.

xcviii.  GE denies the allegations in paragraph 176 of the Answer.

xcix.  Regarding paragraph 177 of the Answer, GE admits that Mr. Delmerico was involved in email correspondence on September 2, 2004 regarding the claims of Nielsen '936.  Vestas-American's

1    remaining allegations lack sufficient clarity and detail for GE to

2    ascertain the truth of the matter alleged. GE currently lacks

3    knowledge or information to form a belief about the truth of these

4    remaining allegations, and therefore denies the remaining

5    allegations in paragraph 177 of the Answer.

6        c.    GE denies the allegations in paragraph 178 of the Answer.

7        ci.    Regarding paragraph 179 of the Answer, GE admits that Mr.

8    Delmerico was copied on an email from Mr. McGinness on March

9    17, 2006 that included the following statement: "Please keep us

10   informed of any patents deemed relevant or a concern".  GE admits

11   that Mr. Delmerico sent an email on July 20, 2005 that includes the

12   following statement:  "Completed initial reviewed of the following

13   competitive patents. These appear to be relevant and of concern.

14   Full translations will be requested. –'Method For Operating a

15   Wind Turbine During A Disturbance In The Grid'

16   WO05031941A1 assigned to Wobben."  GE denies the remaining

17   allegations in paragraph 179 of the Answer.

18       cii.    GE denies the allegations in paragraph 180 of the Answer.

19       ciii.    Regarding paragraph 181 of the Answer, GE admits that Mr.

20   Delmerico is a named co-inventor of U.S. 7,504,738, which lists

21   Erdman '083 among the "References Cited" on the cover page.

22   Vestas-American's remaining allegations lack sufficient clarity and

23   detail for GE to ascertain the truth of the matter alleged. GE

24   currently lacks knowledge or information to form a belief about the

25   truth of the remaining allegations, and therefore denies the

26   remaining allegations in paragraph 181 of the Answer.

27       civ.    GE denies the allegations in paragraph 182 of the Answer.

28       cv.    Regarding paragraph 183 of the Answer, Vestas-American's

1        allegations lack sufficient clarity and detail for GE to ascertain the
2        truth of the matter alleged. GE currently lacks knowledge or
3        information to form a belief about the truth of these allegations,
4        and therefore denies the allegations in paragraph 183 of the
5        Answer.

6      cvi.   GE denies the allegations in paragraph 184 of the Answer.

7      cvii.   GE denies the allegations in paragraph 185 of the Answer.

8      cviii.   GE denies the allegations in paragraph 186 of the Answer.

9      cix.   GE denies the allegations in paragraph 187 of the Answer.

10      cx.   GE denies the allegations in paragraph 188 of the Answer.

11      cxi.   GE denies the allegations in paragraph 189 of the Answer.

12      cxii.   GE denies the allegations in paragraph 190 of the Answer.

13      cxiii.   GE denies the allegations in paragraph 191 of the Answer.

14      cxiv.   GE denies the allegations in paragraph 192 of the Answer.

15      cxv.   GE denies the allegations in paragraph 193 of the Answer.

16      cxvi.   Regarding paragraph 194 of the Answer, GE admits that the Court
17        in the MHI litigation, in its May 28, 2013 decision, found that
18        individuals at GE did not commit inequitable conduct. GE
19        otherwise denies the allegations in paragraph 194 of the Answer.

20      cxvii.   Regarding paragraph 195 of the Answer, GE admits that it
21        properly asserted that certain documents were protected by the
22        attorney-client privilege and/or work product doctrine. GE
23        otherwise denies the allegations in paragraph 195 of the Answer.

24      cxviii.   GE denies the allegations in paragraph 196 of the Answer.

25      cxix.   GE denies the allegations in paragraph 197 of the Answer.

26      cxx.   GE denies the allegations in paragraph 198 of the Answer.

27      cxxi.   GE denies the allegations in paragraph 199 of the Answer.

28      cxxii.   GE denies the allegations in paragraph 200 of the Answer.

cxxiii.   GE denies the allegations in paragraph 201 of the Answer.

cxxiv.   GE denies the allegations in paragraph 202 of the Answer.

cxxv.   Regarding paragraph 203 of the Answer, GE admits that the disclosed application became the '985 patent, which GE has asserted in this case. GE admits that there is a distinction between LVRT and ZVRT, as described, for example, in column 6, lines 56-67 of the '705 patent. GE otherwise denies the allegations in paragraph 203 of the Answer.

cxxvi.   GE denies the allegations in paragraph 204 of the Answer.

cxxvii.   GE denies the allegations in paragraph 205 of the Answer.

cxxviii.   GE denies the allegations in paragraph 206 of the Answer

33.   GE admits the allegation in paragraph 33 of the Counterclaim.

34.   GE denies the allegation in paragraph 34 of the Counterclaim.

35.   GE denies the allegation in paragraph 35 of the Counterclaim.

36.   GE admits that Vestas-American seeks a judicial declaration and determination that at least claim 1 of the '705 patent is invalid. GE denies that any claim of the '705 patent is invalid.

37.   GE denies the allegation in paragraph 37 of the Counterclaim.

## SIXTH COUNTERCLAIM

### (Inequitable Conduct in Connection with the '705 Patent)

38.   GE repeats and re-alleges its responses to the allegations in paragraphs 1-37 of this Answer to the Counterclaims as if fully set forth herein. GE objects to Vestas-American's incorporation by reference of its entire Answer, which includes statements and factual allegations completely unrelated to an inequitable conduct claim, much less an inequitable conduct claim against the '705 patent. Despite Vestas-American's improper use of incorporation by reference, GE makes this good-faith attempt to answer the factual allegations contained in Vestas-American's Twelfth Affirmative Defense, because the Twelfth Affirmative Defense alleges that the '705

patent is unenforceable due to inequitable conduct. As to the factual allegations in the Twelfth Affirmative Defense, GE repeats and re-alleges its responses in paragraph 32 of this Answer to the Counterclaims, including sub-paragraphs i. through cxxviii. Regarding Vestas-American's Thirteenth Affirmative Defense, GE incorporates its responses in paragraph 16 of this Answer to the Counterclaims, including sub-paragraphs i. through xxiii. To the extent a response is determined to be required to any remaining factual allegations of the Answer, GE denies those allegations.

39.     GE admits the allegation in paragraph 39 of the Counterclaim.

40.     GE denies the allegation in paragraph 40 of the Counterclaim.

41.     GE denies the allegation in paragraph 41 of the Counterclaim.

42.     GE admits that Vestas-American seeks a judicial declaration and determination that '705 patent is unenforceable. GE denies that the '705 patent is unenforceable and denies that the '705 patent was obtained through inequitable conduct.

### RESPONSE TO PRAYER FOR RELIEF

GE denies that Vestas-American is entitled to any of the relief requested in the Counterclaims, or to any relief at all.

GE denies all remaining allegations of Vestas-American's Counterclaims, should any response be necessary, objects to Vestas-American's denied terms to the extent not expressly admitted, and denies all statements not expressly admitted or responded to herein.

### DEMAND FOR JURY TRIAL

GE demands trial by jury on all claims and issues that are properly triable by jury that are part of Vestas-American's Counterclaims or GE's answers to the Counterclaims.

### PRAYER FOR RELIEF

WHEREFORE, GE prays for all the relief set forth in its Second Amended Complaint for Patent Infringement, and also for entry of judgment that:

1        (a)      All of Defendant Vestas-American's counterclaims be dismissed with

2    prejudice, and that Defendant Vestas-American take nothing on any of its

3    counterclaims;

4        (b)      GE is the prevailing party on each of Defendant Vestas-American's

5    counterclaims, that the counterclaims give rise to an exceptional case, and that GE be

6    awarded its costs and attorneys' fees in connection with those counterclaims, in

7    accordance with 35 U.S.C. § 285.

8        (c)      GE be granted all such other and further relief as the Court may deem

9    just and proper under the circumstances.

10

     Dated:  November 22, 2017           RAINES FELDMAN LLP
11
                                                 /s/ Laith D. Mosely
12                                        By: _____
                                          MILES J. FELDMAN
13                                        LAITH D. MOSELY

14
                                          OF COUNSEL:
15
                                          DAVID J. LENDER
16                                        david.lender@weil.com
                                          ANISH R. DESAI
17                                        anish.desai@weil.com
                                          JOANNA L. SCHLINGBAUM
18                                        joanna.schlingbaum@weil.com
                                          WEIL, GOTSHAL & MANGES LLP
19                                        767 Fifth Avenue
                                          New York, NY 10153
20                                        Telephone: +1 212 310 8000
                                          Facsimile: +1 212 310 8007
21
                                          W. SUTTON ANSLEY
22                                        sutton.ansley@weil.com
                                          WEIL GOTSHAL & MANGES LLP
23                                        1300 Eye Street N.W. Suite 900
                                          Washington, D.C. 20005
24                                        Telephone: +1 202 682 7000

25                                        Attorneys for Plaintiff General Electric Co.

26

27

28

GE's Answer to Vestas-American's Counterclaims
Case No. 2:17-cv-05653-AB-PLA