MILES J. FELDMAN (Bar No. 173383)
mfeldman@raineslaw.com
LAITH D. MOSELY (Bar No. 250832)
lmosely@raineslaw.com
**RAINES FELDMAN LLP**
1800 Avenue of the Stars, 12th Floor
Los Angeles, California 90067
Telephone: +1 310 440 4100
Facsimile: +1 310 691 1367

DAVID J. LENDER (*pro hac vice*)
david.lender@weil.com
ANISH DESAI (*pro hac vice*)
anish.desai@weil.com
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, NY 10153-0119
Telephone: +1 212 310 8000
Facsimile: +1 212 310 8007

Attorneys for Plaintiff and Counter-Defendant

Morgan Chu (Bar No. 70446)
mchu@irell.com
Gary N. Frischling (Bar No. 130583)
gfrischling@irell.com
Amy E. Proctor (Bar No. 283845)
aproctor@irell.com
**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Telephone:   (310) 277-1010
Facsimile:    (310) 203-7199

Attorneys for Defendants and Counterclaimants

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION AT LOS ANGELES

General Electric Co.,

                    Plaintiff and
                    Counter-Defendant,

    vs.

Vestas Wind Systems A/S, et al.,

                    Defendants and
                    Counterclaimants.

Case No. 2:17-cv-05653-AB-PLA

**STIPULATED
PROTECTIVE ORDER**

**Good Cause Statement**

The parties agree that certain information subject to discovery in this action may contain trade secrets, pricing information, customer lists, source code, technical drawings and reports, business and/or marketing plans or analysis, and other valuable research, development, commercial, financial, technical, and/or other confidential, proprietary, and/or commercially-sensitive information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential, proprietary, and commercially sensitive materials and information consist of, among other things, confidential business and financial information, confidential technical information, and other confidential research, development, and commercial information, including information implicating the privacy rights of third parties. In the interest of protecting that information, permitting discovery to proceed without delay occasioned by disputes regarding such information, addressing the handling of the information at the end of the litigation, and serving the ends of justice, the parties agree to the protective provisions set forth below. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing will be designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case. In view of these stipulations, and good cause appearing, the Court enters this Protective Order pursuant to Federal Rule of Civil Procedure 26(c).

**Scope and Definitions**

1. This Protective Order applies to all information, documents, testimony and/or things subject to discovery in this action which contain non-public, confidential information and/or trade secrets designated as Protected Material pursuant to the terms of this Order; as well as any secondary material, such as pleadings, written discovery, expert reports, notes, summaries or any other materials that contain, describe or reflect such information (collectively referred to herein as "Protected Material").

2. Protected Material may be designated as such by any Producing Party by designating it as:

a. "CONFIDENTIAL BUSINESS INFORMATION – ATTORNEYS' EYES ONLY" if it contains or reflects information that is confidential, proprietary and/or commercially sensitive in nature, including information that is (i) non-public technical financial, and/or other competitively-sensitive information and/or trade secrets, (ii) subject to an express obligation of confidentiality owed by the Producing Party to a third-party, or (iii) subject to the privacy interest of any individual;

b. "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" if it contains or reflects highly competitively-sensitive information that is confidential and/or proprietary, including (i) non-public technical, financial, and/or other competitively-sensitive information and/or trade secrets, or (ii) subject to an express obligation of confidentiality owed by the Producing Party to a third-party; or

c. "HIGHLY CONFIDENTIAL SOURCE CODE – OUTSIDE COUNSEL ONLY" if it comprises or describes computer Source Code. Source Code means computer code, scripts, assembly, object code, Source Code listings, object code listings and descriptions of object code, Hardware Description Language (HDL) or Register Transfer Level (RTL) files that describe the hardware design of any ASIC or other chip, and formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software. Source Code documents at least include (1) printed documents that contain or refer to selected Source Code components; (2) electronic communications and descriptive documents, such as emails, design documents and programming examples, which contain or refer to selected Source Code components; (3) electronic Source Code documents that reside in a Source Code repository from which software and related data files

may be compiled, assembled, linked, executed, debugged and/or tested; and (4) transcripts, reports, video, audio, or other media that include, quote, cite, describe, or otherwise refer to Source Code, Source Code files, and/or the development thereof. Source Code files include, but are not limited to documents containing source code in "C", "C++", Java, Java scripting languages, assembler languages, command languages and shell languages. Source Code files may further include "header files," "make" files, project files, link files, and other human-readable text files used in the generation, compilation, translation, and/or building of executable software, including software intended for execution by an interpreter. Documents and things produced during the course of this litigation designated with the label "HIGHLY CONFIDENTIAL SOURCE CODE – OUTSIDE COUNSEL ONLY," shall be protected in accordance with this Protective Order and subject to additional protections provided herein below.

3. As used herein, "Producing Party" shall refer to any party to this action, any third-party (whether voluntarily or pursuant to subpoena), or any agent of such party or third-party, who discloses, testifies about, produces or makes available for inspection any Protected Material.

4. "Receiving Party" shall refer to any party to this action, or any agent of such party, who requests or receives Protected Material from a Producing Party.

## Permitted Disclosure and Use of Protected Material

5. Protected Material shall not be distributed, disclosed or made available to anyone except as expressly provided in this Order.

6. Protected Material shall be used solely for this litigation and any related appeals, and shall not be used for any other purpose whatsoever, including without limitation any other litigation, patent prosecution or acquisition, patent reexamination or reissue proceedings or any business or competitive purpose or function of any kind.

**Persons Who May Access Protected Material Other Than Source Code**

7.     ***"Confidential Business Information – Attorneys' Eyes Only" Material.*** Only the following individuals shall have access to materials designated "CONFIDENTIAL BUSINESS INFORMATION – ATTORNEYS' EYES ONLY," absent the express written consent of the Producing Party, or as further limited by this Order or further order of this Court:

a.     Outside counsel of record for the parties to this action, including any attorneys, paralegals, technology specialists and clerical employees of their respective law firms assisting in the litigation;

b.     Up to three in-house counsel of each Receiving Party (or its parent corporation) who are responsible for supervising this action and have complied with Paragraph 9, and any paralegals or clerical employees assisting them in the litigation;

c.     Outside experts and consultants of the Receiving Party who have been pre-approved in accordance with Paragraph 10, and their support staff and clerical employees assisting in the litigation;

d.     The Court, its technical advisor (if one is appointed), court personnel, the jury, court reporters and/or videographers who record testimony or other proceedings in this action;

e.     Professional litigation support vendors, including but not limited to copy, graphics, translation, database and/or trial support and/or trial consulting services ("Professional Vendor"), who shall be provided a copy of this Protective Order and execute Exhibit A, and mock jurors hired by trial consultants but only in accordance with Paragraph 11 below; and

f.     While testifying at deposition in this action only: (i) any current or former officer, director or employee of the Producing Party or original source of the information; (ii) any person designated by the Producing Party to provide testimony pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure;

(iii) any person who authored, previously received or was directly involved in the specific matter(s) addressed in the Protected Material, as evident from its face or reasonably certain in view of other testimony or evidence; and (iv) as to information provided by a named inventor of the patent-in-suit, or by an attorney, agent, parent or affiliate of Plaintiff, the Plaintiff's Rule 30(b)(6) designee. Persons authorized to view Protected Material pursuant to this sub-paragraph (f) shall not retain or be given copies of the Protected Material except while so testifying.

g.   Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

h.   Any other person with the prior written consent of the Producing Party.

i.   ***"Highly Confidential – Outside Counsel Only" Material.*** Only individuals identified in paragraphs 7(a), (c)-(h) may have access to materials designated "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY," absent express written consent of the Producing Party, or as further limited by this Order or further order of this Court.

**Source Code – Additional Restrictions and Persons Who May Access**

8.   ***"Highly Confidential Source Code – Outside Counsel Only" Materials.*** To the extent production of Source Code becomes necessary to the prosecution or defense of this case, a Producing Party may designate Source Code as "HIGHLY CONFIDENTIAL SOURCE CODE – OUTSIDE COUNSEL ONLY" if it comprises or includes confidential, proprietary, and/or trade secret Source Code.

a.   Nothing in this Order shall be construed as a representation or admission that Source Code is properly discoverable in this action, or to obligate any Party to produce any Source Code.

b.   Material designated as "HIGHLY CONFIDENTIAL SOURCE

CODE – OUTSIDE COUNSEL ONLY" shall be subject to the following additional restrictions and protections:

 i. A single electronic copy of Source Code or executable code shall be made available for inspection on a stand-alone, non-networked computer without Internet access provided by the Producing Party ("the Source Code Computer") during the hours of 9:00 A.M. – 7:00 P.M. on business days, subject to 5 days advance notice prior to the first inspection of the Source Code and at least forty-eight hours advance notice for subsequent inspections, which 48-hour period shall include one cumulative business day. For example, notice for a Monday 2:00 P.M. inspection shall be given no later than the preceding Friday at 2:00 P.M.

 ii. The Producing Party shall not unreasonably withhold consent to reasonable requests for access to the Source Code Computer beyond the hours listed in subparagraph 8(b)(i).

 iii. The Source Code Computer provided by the Producing Party shall run a reasonably current version of a mutually agreed upon operating system such as Apple OS X, Microsoft Windows, Linux, or SunOS and appropriate, mutually agreed, tools to permit searching and review of the Source Code as per paragraph 8(b)(xiii).

 iv. The Source Code Computer shall be password protected and supplied by the Producing Party. At the option of the Producing Party, the Source Code Computer may be further protected using PGP encryption.

 v. The Source Code Computer shall be located and secured at an office of Producing Party's counsel selected by the Receiving Party.

 vi. Any external storage media containing Source Code shall be disconnected from and/or removed from its Source Code Computer and stored in a locked room, safe or storage cabinet when Source Code is not

being reviewed. The Source Code Computer and any such safe or storage cabinet must be kept in a locked and secure room.

vii.    The Producing Party shall not learn the specifics of the Receiving Party's review, including without limitation which files were reviewed, unless and to the extent that the Receiving Party and/or its expert(s) elect to rely on information learned in such review in prosecution or defense of the Receiving Party's case. The Producing Party shall not change the Source Code on the Source Code Computer absent written request or permission by the Receiving Party.

viii.    No recordable media or recording devices, other than a cellular telephone and a computer used strictly for taking notes, shall be permitted into the room where the Source Code is reviewed. Photographs or imaging of the Source Code or Source Code Computer is prohibited. The Receiving Party's outside counsel and/or experts shall be entitled to take notes relating to the Source Code but may not copy the Source Code into the notes and may not take such notes electronically on the Source Code Computer itself. No copies of all or any portion of the Source Code may leave the room in which the Source Code is inspected except as otherwise provided herein. Further, no other written or electronic record of the Source Code is permitted except as otherwise provided herein. The Producing Party may visually monitor the activities of the Receiving Party's representatives during any Source Code review, but only to ensure that no unauthorized electronic records of the Source Code and that no information concerning the Source Code are being created or transmitted in any way. No video may be made of any activity taking place in the room where Source Code is reviewed, nor shall the monitor be permitted to report on any activities therein other than as may relate to the above-referenced purpose of the monitoring. Oral recording and/or

transcription is not permitted in the room where the Source Code is reviewed.

ix.     Except as agreed to by the Producing Party pursuant to subparagraphs 8(b)(xiv) and 8(b)(xv), Source Code or details about how it is implemented may not be disclosed, printed, photographed, copied, removed, electronically transmitted or otherwise reproduced without the agreement of the Producing Party or further order of the Court. Summaries, descriptions or accounts of Source Code may be shared only with outside counsel representing the Receiving Party and Outside Experts and Consultants as defined in paragraph 10 for the Receiving Party, each of whom shall be subject to this Protective Order. The Receiving Party shall not tamper with any safeguards designed to prevent these activities or otherwise attempt to circumvent any provision of this paragraph 8. High-level descriptions of how software functions may be disclosed to Mock Jurors as defined and subject to the restrictions of paragraph 11 as long as the Source Code is not disclosed to the Mock Jurors and the Mock Jurors have agreed to be bound by the Protective Order.

x.     No electronic copies of Source Code shall be made (including by way of example only, the Receiving Party may not scan the source code to a PDF or photograph the code), other than volatile copies necessarily made in the course of loading, accessing, compiling, modeling and/or executing the Source Code on the Source Code Computer. Images or copies of the protected Source Code shall not be included in correspondence between the parties (references to production numbers, file paths, or file names shall be used instead), and shall be omitted from pleadings and other papers whenever possible. Counsel shall use the following procedure in meeting and conferring regarding the

use of protected Source Code in filings: If the Receiving Party reasonably believes that it needs to submit a portion of protected Source Code as part of a filing with the Court, the Receiving Party shall make that request to the Producing Party in writing. As soon as practicable thereafter, but in no event later than three (3) business days following that request, the parties shall meet and confer as to how to make such a filing while protecting the confidentiality of the protected Source Code. Such filing will not be made absent consent from the Producing Party that the confidentiality protections will be adequate or a showing that the Receiving Party has good cause for the adequacy of protections afforded to that protected Source Code. The parties further agree to use no more protected Source Code in such filings than is reasonably necessary to accomplish the purpose for which the protected Source Code is being relied upon.

xi.    The Producing Party shall provide a manifest of the contents of the Source Code Computer. This manifest, which will be supplied in both printed and electronic form, will list the name and location of every source and executable file escrowed on the computer.

xii.    Source Code must be produced as it is stored in the ordinary course of business.

xiii.    The Source Code Computer shall include software utilities which will allow counsel and experts to view, search, and analyze the Source Code. At a minimum, these utilities must provide the ability to (a) view, search, and line-number any source file, (b) search for a given pattern of text through a number of files, (c) compare two files and display their differences, and (d) compute the MD5 checksum of a file. The Receiving Party's outside counsel and/or experts may request that commercially available licensed software tools for viewing and searching

Source Code be installed on the Source Code Computer. The Receiving Party must provide the Producing Party with the CD or DVD containing such software tool(s) at least four business days in advance of the inspection.

xiv.     Subject to the parties' reaching an agreement on a reasonable security protocol for the storage and handling of printouts of the Producing Party's Source Code, the Receiving Party may print portions of Source Code reasonably necessary for the case to attach to or incorporate into expert reports, discovery responses, and court filings or for use at depositions of the Producing Party, the Producing Party's current or former employees subject to the conditions and restrictions set forth in subparagraphs 7(f) and 8(b)(xv), or the Producing Party's experts, and court proceedings. The Producing Party shall make available a printer with commercially reasonable printing speeds for printing portions of the Source Code. The Producing Party must allow the Receiving Party to print paper copies of portions of Source Code not to exceed twenty-five (25) contiguous pages, up to a total of five hundred (500) printed pages for the sole use of outside counsel for the party to this action requesting Source Code, Outside Experts and Consultants as defined in paragraph 10, the Court, its technical advisor (if one is appointed), the jury, court personnel, and court reporters or videographers recording testimony or other proceedings in this action. In the event that a Receiving Party believes there is a need to print a contiguous portion of Source Code exceeding twenty-five (25) pages in length or more than five hundred (500) pages total, the parties shall meet and confer regarding such need on the day of the inspection if practicable or otherwise as soon thereafter as possible and absent agreement, seek a Court resolution. The Receiving Party shall not print Source Code in

order to review blocks of Source Code elsewhere in the first instance, i.e., as an alternative to reviewing that Source Code electronically on the Source Code Computer. The Producing Party shall pre-mark the pages in the printer with bates numbers and the "HIGHLY CONFIDENTIAL SOURCE CODE – OUTSIDE COUNSEL ONLY" designation. Upon printing any such portions of Source Code, the printed pages shall be collected by the Producing Party, and the Producing Party will deliver a copy of the printed pages to the Receiving Party or object within two business days. Outside counsel for the Producing Party will keep the originals of printed Source Code. If there is an objection and if after meeting and conferring the Producing Party and the Receiving Party cannot resolve the objection, the Producing Party shall be entitled to seek a resolution from the Court of whether the printed Source Code in question is narrowly tailored and was printed for a permitted purpose. The printed pages shall constitute part of the Source Code produced by the Producing Party in this action. The Receiving Party's outside counsel of record may make no more than five (5) additional paper copies of any printed Source Code document received from a Producing Party, not including copies attached to court filings or used at depositions under Paragraph 8(b)(xv), and shall maintain a log of all paper copies of the Source Code received from a Producing Party. The log shall include the names of the reviewers and/or recipients of paper copies and locations where the paper copies are stored. Upon reasonable notice to the Receiving Party by the Producing Party, the Receiving Party shall provide a copy of this log to the Producing Party.

xv.     Copies of Source Code that are marked as deposition exhibits shall not be provided to the court reporter or attached to deposition transcripts; rather, the deposition record will identify the

exhibit by its production numbers. All paper copies of Source Code brought to the deposition shall be securely destroyed in a timely manner following the deposition.

xvi.     The party inspecting Source Code shall maintain a log of all individuals who have accessed the Source Code Computer. The log shall be made available to the Producing Party upon reasonable request. The log shall include the name of each person who accessed the Source Code Computer. Such log and any information from it shall be inadmissible in this litigation except in connection with proceedings before the Court regarding any alleged violations of this Protective Order.

xvii.     If the Court finds that the Producing Party has refused to make available for inspection any files necessary to the prosecution or defense of this case, then the Court may fashion appropriate relief regarding such files to the extent necessary to the prosecution or defense of this case.

xviii.     Any consultant or expert retained on behalf of a party to this action who is to be given access to the Producing Party's protected Source Code (whether in electronic form or otherwise) must agree in writing not to write Source Code directly intended for commercial purposes relating to (1) low-voltage ride through technology for use in wind turbines or (2) zero-voltage ride through technology for wind turbines for a period of two (2) years after issuance of a final, non-appealable decision resolving all issues in this action. This shall not preclude such consultants and experts from any academic work or consulting in future litigation, so long as such consulting does not involve writing Source Code directly intended for commercial purposes relating to the technology at issue in this litigation.

xix.     At the end of the above-styled litigation (including any related appeals), any entity receiving Source Code will certify that: (a) all printed copies of Source Code have been returned, with the exception of exhibits that were attached to filed pleadings or admitted into evidence; (b) any electronic storage or memory media which may contain Source Code have been returned, fully reformatted, and/or destroyed; and (c) any access logs maintained by counsel have been archived along with counsel's other records from this litigation. Other than set forth in this subparagraph, counsel may not maintain a file copy of Source Code material.

### **Approval to Access to Protected Material**

9.     ***In-House Counsel, Party Representatives and Professional Vendors.*** Any in-house counsel, party representative or Professional Vendor authorized to access "CONFIDENTIAL BUSINESS INFORMATION – ATTORNEYS' EYES ONLY" pursuant to Paragraph 7 of this Order shall read this Protective Order and sign the "Agreement to Be Bound By Protective Order," attached as Exhibit A to this Protective Order, which shall be retained by the signing party's outside counsel of record in this action. Prior to the disclosure of any "CONFIDENTIAL BUSINESS INFORMATION – ATTORNEYS' EYES ONLY" information to any in-house counsel or party representative, the signing party shall inform the other party in writing of the name and title of such in-house counsel or party representative.

10.     ***Outside Experts or Consultants.***

a.     Prior to disclosing Protected Material to any outside experts or consultants, the party seeking to disclose such information shall provide written notice to any party to this action that produced Protected Material that includes: (i) the name of the person; (ii) the present employer and title of the person; (iii) an up-to-date curriculum vitae; (iv) a list of current and past consulting relationships undertaken within the last four (4) years; and (v) a signed copy of

1  the person's "Agreement to Be Bound By Protective Order," attached as
2  Exhibit A to this Protective Order.

3      b.      Within five (5) business days of receiving this information, the
4  party who produced Protected Material may object in writing to its disclosure to
5  the proposed expert or consultant for good cause. The objection cannot be
6  unreasonable. In the absence of any objection at the end of the five (5) day
7  period, the expert or consultant shall be deemed approved under this Protective
8  Order. If an objection is made, the parties shall meet and confer within (5)
9  business days after the objection and attempt in good faith to resolve the dispute
10 informally. If the dispute is not resolved, the party objecting to the disclosure
11 will have five (5) business days from the date of the meet and confer to seek
12 relief from the Court. If relief is not sought from the Court within that time, the
13 objection shall be deemed withdrawn. If relief is sought, Protected Materials
14 shall not be disclosed to the expert or consultant until the objection is resolved
15 by the Court.

16     11.     *Mock Jurors.* Mock jurors hired by trial consultants in connection with
17 this litigation may only be told about or shown "CONFIDENTIAL BUSINESS
18 INFORMATION – ATTORNEYS' EYES ONLY" and "HIGHLY CONFIDENTIAL
19 – OUTSIDE COUNSEL ONLY" materials provided: (1) they are not affiliated with
20 any party to this case or their direct competitor; (2) they agree in writing to be bound
21 by confidentiality; and (3) they are not themselves given custody of any Protected
22 Materials, nor permitted to remove any presentations, questionnaires or notes taken
23 during the exercise from any room in which the research is conducted.

24                    **Making and Challenging Designations**

25     12.     Each party or third-party that designates material for protection under this
26 Order must take care to limit such designations only to material that the party believes
27 in good faith meets the appropriate standards.

28     13.     Designations of Protected Material shall be made in substantially the

following manner:

a. *For documents or written discovery*. The Producing Party may designate documents or written discovery responses by affixing the following legend "CONFIDENTIAL BUSINESS INFORMATION – ATTORNEYS' EYES ONLY", "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" or "HIGHLY CONFIDENTIAL SOURCE CODE – OUTSIDE COUNSEL ONLY". Documents made available for inspection need not be designated in advance and shall be treated as "CONFIDENTIAL BUSINESS INFORMATION – ATTORNEYS' EYES ONLY" until the Producing Party provides copies of documents identified by the inspecting party for production affixed with the appropriate legend.

b. *For depositions or other testimony*. Parties or third-parties providing testimony may designate depositions, or portions of depositions, as Protected Material by indicating the appropriate designation on the record before the close of the deposition, hearing or other proceeding, or by notifying the court reporter and all counsel in writing of the appropriate designation within seven (7) business days after receiving the transcript, during which seven (7) day period the deposition transcript shall be treated as HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY. The party making the designation shall make arrangements with the court reporter to label the relevant pages with the appropriate designation. Video or DVD versions of the depositions will automatically have the same designation as the transcript.

c. *For tangible things and other information*. A Producing Party shall affix the appropriate legend prominently on any tangible thing or media, or on the exterior of any case or container in which the information or item is stored. If the Receiving Party prints an item from an electronic medium, the Receiving Party must immediately mark any unmarked pages of the printed version with the designation of the media. A Producing Party may designate any other

Protected Material not in documentary, tangible or physical form by informing the Receiving Party of the designation in writing at or before the time of production or inspection.

      d.    *Native Files*. Where electronic files and documents are produced in native electronic format, such electronic files and documents shall be designated for protection under this Order by appending to the file names or designators information indicating whether the file contains "CONFIDENTIAL BUSINESS INFORMATION – ATTORNEYS' EYES ONLY", "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" or "HIGHLY CONFIDENTIAL SOURCE CODE – OUTSIDE COUNSEL ONLY," material, or shall use any other reasonable method for so designating Protected Materials produced in electronic format. When electronic files or documents are printed for use at deposition, in a court proceeding, or for provision in printed form to an expert or consultant pre-approved pursuant to paragraph 10, the party printing the electronic files or documents shall affix a legend to the printed document corresponding to the designation of the designating party and including the production number and designation associated with the native file. In the case of a Source Code review or inspection, the "party printing the electronic files or documents" refers to the Producing Party.

      14.    Inadvertent failure to designate documents, testimony or things as Protected Materials does not waive the Producing Party's right to secure the protections of this Order. The Producing Party must notify the Receiving Party in writing of the inadvertent failure to designate promptly upon its discovery and take whatever steps are necessary to replace the documents with documents containing the appropriate legends or otherwise designate the materials as set forth above. The Receiving Party shall not be held in violation of this Order for any otherwise permissible disclosures made before receipt of such notice. Upon receiving the written notice, the Receiving Party must promptly make all reasonable efforts to assure that

the material is treated in accordance with the corrected designation, including seeking

the retrieval or destruction of any copies distributed to unauthorized individuals; and

destroy copies of documents that have been replaced with documents containing the

proper designation.

15.     At any time in these proceedings following the production or designation

of material as "CONFIDENTIAL BUSINESS INFORMATION – ATTORNEYS'

EYES ONLY", "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" or

"HIGHLY CONFIDENTIAL SOURCE CODE – OUTSIDE COUNSEL ONLY," a

Receiving Party may challenge the propriety of such designation by providing the

Producing Party written notice particularly identifying the documents or information

that the Receiving Party contends should be differently designated. The parties shall

meet and confer in an attempt to resolve promptly and informally any such disputes. If

agreement cannot be reached, the Receiving Party may request in accordance with the

Court's rules governing discovery disputes that the Court cancel or modify the

designation. The Challenging Party shall initiate the dispute resolution process under

Local Rule 37-1, et seq. Any discovery motion must strictly comply with the

procedures set forth in Local Rules 37-1, 37-2, and 37-3.

16.     Information does not qualify for protection under this Order and none of

its provisions apply to such information if it: (a) is available to the general public at

the time of its production, or becomes available to the general public after its

production through no fault of the Receiving Party; (b) was independently and legally

obtained by the Receiving Party from any other person or party having no obligation

of confidentiality and the right to make such disclosure; or (c) was previously

produced, disclosed or provided by the Producing Party to the Receiving Party

without an obligation of confidentiality, except for materials covered under paragraph

14 above.

**Filing Under Seal**

17.    All transcripts of depositions, exhibits, answers to interrogatories, pleadings, briefs, and other documents submitted to the Court that have been designated as "CONFIDENTIAL BUSINESS INFORMATION – ATTORNEYS' EYES ONLY", "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" or "HIGHLY CONFIDENTIAL SOURCE CODE – OUTSIDE COUNSEL ONLY," or which contain information so designated, shall be filed under seal in accordance with Local Rule 79-5.

**Restriction on Patent Prosecution**

18.    Counsel (including without limitation outside counsel and in-house counsel, and patent agents) of the Receiving Party who actually view "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" or "HIGHLY CONFIDENTIAL SOURCE CODE – OUTSIDE COUNSEL ONLY" materials of any Producing Party shall not up until one year following final resolution of this action, or the date of last access to such materials, draft, amend, or assist in drafting or amending patent claims related to wind turbine systems; provided that nothing in this paragraph shall operate to preclude any such person from fulfilling and/or assisting in the fulfillment of any prior art disclosure obligations to the United States Patent and Trademark Office (PTO) that may arise as a consequence of knowledge obtained during the course of this litigation.

19.    If any *inter partes* review proceedings relating to the patents-in-suit are instituted in the future, the Parties agree that counsel (including without limitation outside counsel and in-house counsel, and patent agents) may participate in such *inter partes* review proceedings. But, absent the express written consent of the Producing Party, any individuals of the Receiving Party (including those identified in paragraph 7, such as outside counsel and outside experts and consultants) who have access to materials designated "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" or "HIGHLY CONFIDENTIAL SOURCE CODE – OUTSIDE COUNSEL ONLY",

1  will not participate in, or provide any assistance for, any amendment of the claims of a

2  patent-in-suit as part of an *inter partes* review proceeding.

3  **Use of This Protective Order by Third-Parties**

4      20.     A third-party, not a party to this action, who produces documents,

5  testimony or other information, including Source Code, voluntarily or pursuant to a

6  subpoena or a court order, may designate such material or information in the same

7  manner and shall receive the same level of protection under this Protective Order as

8  any party to this lawsuit. A third party may, at its option, designate Source Code

9  material as "CONFIDENTIAL BUSINESS INFORMATION – ATTORNEY'S EYES

10  ONLY" or "HIGHLY CONFIDENTIAL SOURCE CODE – OUTSIDE COUNSEL

11  ONLY" and then produce in accordance with the procedure in place for that particular

12  category; or may, at its option, produce "HIGHLY CONFIDENTIAL SOURCE

13  CODE – OUTSIDE COUNSEL ONLY" material directly to a Receiving Party

14  without the additional restrictions of paragraph 8(b).

15      21.     A third-party's use of this Protective Order does not entitle that third-

16  party access to any Protected Material produced by any party in this case.

17  **Additional Protection**

18      22.     This Protective Order is entered without prejudice to the right of any

19  party to seek different or additional protections if it believes the protections of this

20  Order are not applicable or are inadequate. Nothing herein shall be deemed to

21  preclude any Producing Party from seeking such different or additional protection,

22  including that certain matter not be produced at all.

23  **No Waiver**

24      23.     Execution of this Protective Order shall not constitute a waiver of the

25  right of any party to claim in this action or otherwise that any Protected Material, or

26  any portion thereof, is privileged or otherwise non-discoverable, or is not admissible

27  in evidence in this action or any other proceeding.

28

## **Inadvertent Production of Privileged Materials**

24.     The parties agree to handle the inadvertent production of document(s) or other material subject to privilege as follows:

a.      The production or disclosure of any information (including documents) in this action that a party or non-party later claims should not have been produced due to a privilege or protection from discovery, including but not limited to any attorney-client privilege, work product privilege, joint defense privilege, or settlement privilege, shall not be deemed to waive any such privilege or protection. A party or non-party may request the return or destruction of such information, which request shall identify the information and the basis for requesting its return. If a receiving party receives information that the receiving party believes may be subject to a claim of privilege or protection from discovery, the receiving party shall promptly identify the information to the Producing Party.

b.      When a Producing Party identifies such information as privileged or protected, a receiving party: 1) shall not use, and shall immediately cease any prior use of, such information; 2) shall take reasonable steps to retrieve the information from others to which the receiving party disclosed the information; 3) shall within five (5) business days of the Producing Party's request: a) return the information and all copies thereof to the Producing Party; or b) destroy and confirm to the Producing Party in writing that the information and all copies thereof have been destroyed. No one shall use the fact or circumstances of production of the information in this action to argue that any privilege or protection has been waived. Within fourteen (14) days after a Producing Party or receiving party identifies the information, and not thereafter, the receiving party may file a motion to compel the production of the information on the basis that: (a) the information was never privileged or protected from disclosure; or (b) any applicable privilege or immunity has been waived by

some act other than the production of the information in this action.

      c.    The Producing Party and the receiving party shall meet and confer in accordance with applicable law or Court rules regarding any such motion to compel. Notwithstanding this provision, no party shall be required to return or destroy any information that may exist on any disaster recovery backup system.

### No Limitations on Party's Own Protected Materials

25.    Nothing in this Order shall restrict any party to this lawsuit or its attorneys from disclosing or using, in any manner and for any purpose, its own Protected Materials.

### Other Proceedings

26.    By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this Order who becomes subject to a motion to disclose another party's information designated as confidential pursuant to this Order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

### Unauthorized Access

27.    Counsel for the Receiving Party shall promptly notify the Producing Party upon becoming aware of any loss, theft and/or unauthorized copying or disclosure of Protected Material, and shall take all steps reasonably necessary and available to retrieve such Protected Material and prevent any further unauthorized access or dissemination.

### Disposition of Protected Materials

28.    Unless otherwise ordered or agreed, within ninety (90) days after the settlement or final termination of this action, each Receiving Party shall return or destroy all Protected Material, including all notes, abstracts, compilations, summaries or any other form of reproducing or capturing of any Protected Material. Outside

counsel for each party shall remind any experts, consultants and others as appropriate of their obligation to destroy or return Protected Materials. The Receiving Party shall submit a written certification by the ninety (90) day deadline confirming that all Protected Material has been destroyed (or handled as otherwise ordered or agreed) and which affirms that the Receiving Party has not retained any paper or electronic copies.

29. Notwithstanding this provision, outside counsel of record are entitled to retain an archival copy of all pleadings, motion papers, briefs, exhibits, transcripts, written discovery, expert reports, legal memoranda, attorney work product and correspondence, even if such materials contain or reflect Protected Material. Any such archival copies remain subject to the terms of this Protective Order.

### Survival of Order

30. The terms of this Protective Order shall survive and remain in effect after the termination of the above-captioned matter.

### Binding Effect

31. This Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

### Effective as a Stipulation

32. This Protective Order shall become effective as a stipulation between the parties immediately upon the filing of the motion to enter protective order, notwithstanding the pendency of approval by the Court, and the parties shall treat any Protected Materials produced before Court approval as provided herein.

Dated: April 12, 2018

_____

UNITED STATES MAGISTRATE JUDGE
Hon. Paul L. Abrams

MILES J. FELDMAN (Bar No. 173383)
mfeldman@raineslaw.com
LAITH D. MOSELY (Bar No. 250832)
lmosely@raineslaw.com
**RAINES FELDMAN LLP**
1800 Avenue of the Stars, 12th Floor
Los Angeles, California 90067
Telephone: +1 310 440 4100
Facsimile: +1 310 691 1367

DAVID J. LENDER (*pro hac vice*)
david.lender@weil.com
ANISH DESAI (*pro hac vice*)
anish.desai@weil.com
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, NY 10153-0119
Telephone: +1 212 310 8000
Facsimile: +1 212 310 8007

Attorneys for Plaintiff and Counter-Defendants

Morgan Chu (Bar No. 70446)
mchu@irell.com
Gary N. Frischling (Bar No. 130583)
gfrischling@irell.com
Amy E. Proctor (Bar No. 283845)
aproctor@irell.com
**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Telephone:   (310) 277-1010
Facsimile:    (310) 203-7199

Attorneys for Defendants and Counterclaimants

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION AT LOS ANGELES

| | |
|---|---|
| General Electric Co., <br><br>                 Plaintiff and <br>                 Counter-Defendant, <br><br>     vs. <br><br> Vestas Wind Systems A/S, et. al, <br><br>                 Defendants and <br>                 Counterclaimants. | Case No. 2:17-cv-05653-AB-PLA <br><br> **EXHIBIT A TO THE PROTECTIVE ORDER: ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY THE PROTECTIVE ORDER** |

I, _____ [print or type full name], have been provided a copy of and read the Protective Order in the above-captioned case and agree to be bound by its terms. I understand that I will be receiving non-public, confidential materials and information protected pursuant to the terms of this Protective Order. I agree that I will not use or disclose any such Protected Material except in strict compliance with the provision of this Order, and will take all reasonable precautions to prevent any unauthorized use or disclosure of any material in my possession or control. At the final conclusion of the case, I will return or destroy, as directed, any Protected Materials received and any notes or other documents reflecting such materials.

I hereby submit to the jurisdiction of this Court for the purposes of enforcement of the Protective Order in this case and waive any objections to jurisdiction or venue. I understand that failure to comply with this Order could result in sanctions or other consequences.

I make the above statements under penalty of perjury.

Signature    :_____


Printed Name:_____

Company Name/Address/Phone:_____

_____

_____

Dated:_____